Citation Nr: 1550143 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 11-19 980 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Los Angeles, California


THE ISSUE

Entitlement to a disability rating greater than 20 percent for service-connected diabetes mellitus, type II.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

L. Durham, Counsel





INTRODUCTION

The Veteran served on active duty from April 1958 to April 1962, and from January 1963 to March 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2011 RO decision.

In September 2014 and July 2015, the Board remanded this issue for additional development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2015).


FINDING OF FACT

The Veteran's service-connected diabetes mellitus requires insulin and a restricted diet, but not regulation of activities. 


CONCLUSION OF LAW

The criteria for a rating in excess of 20 percent for service-connected diabetes mellitus have not been met. 38 U.S.C.A. §§ 1155 , 5102, 5103, 5103A, 5107 (West 2002 & Supp. 2015); 38 C.F.R. §§ 3.159 , 3.321, 4.79, Diagnostic Code 6006, 4.119, Diagnostic Code 7913 (2015). 







REASONS AND BASES FOR FINDING AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

With respect to the Veteran's claim, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002 & Supp. 2015); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015).

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it is required to notify the claimant and his or her representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. § 3.159(b) (2015); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II), the United States Court of Appeals for Veterans Claims (Court) held that VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 

A VCAA letter dated in November 2010 fully satisfied the duty to notify provisions. See 38 U.S.C.A. § 5103(a) (West 2002 & Supp. 2015); 38 C.F.R. § 3.159(b)(1) (2015); Quartuccio, at 187. The Veteran was aware that it was ultimately his responsibility to give VA any evidence pertaining to the claim. This letter informed him that additional information or evidence was needed to support his claim, and asked him to send the information or evidence to VA. See Pelegrini II, at 120-121. Additionally, this letter described how appropriate disability ratings and effective dates were assigned. 

The Board also concludes VA's duty to assist has been satisfied. The Veteran's available service treatment records and relevant VA medical records are in the file. As the Veteran did not respond to the September 2, 2015, letter requesting information and authorization to obtain private treatment records, the Board finds that all available records identified by the Veteran as relating to this claim have been obtained, to the extent possible. The record contains sufficient evidence to make a decision on the claim. VA has fulfilled its duty to assist.

With respect to claims for increased ratings, the duty to assist includes, when appropriate, the duty to conduct a thorough and contemporaneous examination of the Veteran. See Green v. Derwinski, 1 Vet. App. 121 (1991). In addition, where the evidence of record does not reflect the current state of the Veteran's disability, a VA examination must be conducted. See Schafrath v. Derwinski, 1 Vet. App. 589 (1991); 38 C.F.R. § 3.327(a) (2015).

The RO provided the Veteran with an examination for his diabetes mellitus claim most recently in September 2013. There is no objective evidence indicating that there has been a material change in the severity of the Veteran's service-connected diabetes mellitus since he was last examined. See 38 C.F.R. § 3.327(a) (2015). The duty to assist does not require that a claim be remanded solely because of the passage of time since an otherwise adequate examination was conducted. See VAOPGCPREC 11-95. The examiner conducted the appropriate diagnostic tests and studies and considered the Veteran's assertions. The Board finds this examination report to be thorough and consistent with contemporaneous medical records. Thus, the Board concludes that the examination in this case is adequate upon which to base a decision with regard to this claim.

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). 

II. Analysis

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. If two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When reasonable doubt arises as to the degree of disability, such doubt will be resolved in the Veteran's favor. 38 C.F.R. § 4.3.

The Veteran's entire history is reviewed when making a disability determination. See 38 C.F.R. § 4.1 (2015). Where the Veteran timely appealed the rating initially assigned for the service-connected disability within one year of the notice of the establishment of service connection for it, VA must consider whether the Veteran is entitled to "staged" ratings to compensate him for times since filing his claim when his disability may have been more severe than at other times during the course of his appeal. See Fenderson v. West, 12 Vet. App. 119 (1999). But where service connection has already been established, and increase in the disability rating is at issue, it is the present level of the disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55 (1994). However, in such cases, when the factual findings show distinct time periods during which a claimant exhibits symptoms of the disability at issue and such symptoms warrant different evaluations, staged evaluations may also be assigned. Hart v. Mansfield, 21 Vet. App. 505 (2007).

Pertinent regulations do not require that all cases show all findings specified by the Rating Schedule, but that findings sufficiently characteristic to identify the disease and the resulting disability and above all, coordination of rating with impairment of function will be expected in all cases. 38 C.F.R. § 4.21. Therefore, the Board has considered the potential application of various other provisions of the regulations governing VA benefits, whether or not they were raised by the Veteran, as well as the entire history of the Veteran's disabilities in reaching its decision. Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991).

1. Entitlement to an evaluation in excess of 20 percent for service-connected diabetes mellitus, type II.

An evaluation of 20 percent is currently assigned to the Veteran's service-connected diabetes mellitus, type II, with erectile dysfunction and diabetic retinopathy and bilateral cataract, under Diagnostic Codes 6006-7913. The Veteran is seeking an increased rating. 

Diagnostic Code 6006 evaluates retinopathy or maculopathy.

Under Diagnostic Code 7913, a rating of 20 percent is assigned for diabetes mellitus, requiring insulin and restricted diet, or; oral hypoglycemic agent and restricted diet. A 40 percent rating is assigned for diabetes mellitus requiring insulin, a restricted diet, and regulation of activities. A 60 percent rating is assigned for diabetes mellitus requiring insulin, a restricted diet, regulation of activities with episodes of ketoacidosis or hypoglycemic reactions requiring one or two hospitalizations per year or twice a month visits to a diabetic care provider, plus complications that would not be compensable if separately evaluated. A 100 percent rating is assigned for diabetes mellitus requiring more than one daily injection of insulin, a restricted diet, and regulation of activities (avoidance of strenuous occupational and recreational activities) with episodes of ketoacidosis or hypoglycemic reactions requiring at least three hospitalizations per year or weekly visits to a diabetic care provider, plus either progressive loss of weight and strength or complications that would be compensable if separately evaluated. 38 C.F.R. § 4.119, Diagnostic Code 7913 (2015).

According to Note (1) of Diagnostic Code 7913, compensable complications of diabetes mellitus are to be evaluated separately unless they are part of the criteria used to support a 100 percent evaluation. Noncompensable complications are considered part of the diabetic process under Diagnostic Code 7913. 

The Board notes that the Veteran underwent a VA examination for his diabetes mellitus, type II most recently in September 2013, at which it was noted that his diabetes was managed by restricted diet, prescribed daily insulin injections, and prescribed oral hypoglycemic agent(s). It was noted that the Veteran's diabetes did not require regulation of activities as part of medical management. The Veteran visited his diabetic care provider for episodes of ketoacidosis or hypoglycemic reactions less than 2 times per month. He had no episodes of ketoacidosis or hypoglycemia requiring hospitalizations in the previous 12 months. The examiner noted that the Veteran had diabetic peripheral neuropathy and erectile dysfunction related to his diabetes. This examination report also noted an August 23, 2013, diabetic retinal imaging consult report documenting that the Veteran had no diabetic retinopathy in either eye and that examination results were normal. 

A September 9, 2013, VA eye condition examination report noted the Veteran as having bilateral diabetic retinopathy and bilateral cataracts.

In order for the Veteran's diabetes mellitus, type II to warrant an increased rating under Diagnostic Code 7913, it must meet the criteria of at least a 40 percent rating. Despite the Veteran's assertion that he is required to regulate his activities, the claim file contains no medical evidence reflecting such. Moreover, the September 2013 VA examination report specifically reflects that the Veteran's diabetes does not require regulation of activities as part of medical management. In fact, the Veteran's VA treatment records reflect that his healthcare providers have actually encouraged exercise. See VA treatment records, April 2014, September 2014, and January 2015. As such, the Board finds that the criteria for an evaluation in excess of 20 percent have not been met under Diagnostic Code 7913. 

With regard to considering complications of diabetes mellitus under Note (1), the Board notes that the Veteran was granted service connection and compensated separately for conditions secondary to diabetes, to include kidney disease with hypertension and peripheral vascular disease of the bilateral lower extremities. He was also granted entitlement to special monthly compensation (SMC) separately for erectile dysfunction related to his diabetes mellitus. As the Veteran has given no indication that he disagreed with the currently assigned compensation for these complications, the Board need not discuss these complications at this time. 

With regard to the Veteran's diabetic retinopathy and bilateral cataracts, the Board notes that the Veteran has not been awarded a separate compensable evaluation for his vision problems related to his service-connected diabetes mellitus type II. As such, the Board will consider whether this diabetic complication should be awarded separate compensation. 

Under Diagnostic Code 6006, retinopathy is rated either on the basis of visual acuity or on the basis of incapacitating episodes. For the minimum 10 percent rating for incapacitating episodes, there must be incapacitating episodes having a total duration of at least 1 week, but less than 2 weeks, during the past 12 months. See 38 C.F.R. § 4.79, General Rating Formula for Diagnostic Codes 6000 through 6009. 

Under Diagnostic Code 6027, a preoperative cataract of any type (which is the case at hand) is evaluated based on visual impairment. 

Upon review of all medical evidence, the Board finds no evidence of incapacitating episodes related to retinopathy or cataracts, including from the Veteran's assertions. The September 2013 VA examination specifically noted that the Veteran did not have any incapacitating episodes attributable to any eye conditions.

Regarding visual acuity, the September 2013 VA examination report revealed corrected distant and near visual acuity of 20/40 or better in each eye. A May 2014 VA treatment record showed a maximum acuity of 20/20 bilaterally. A more recent September 2015 VA treatment record revealed visual acuity of 20/40 or better in each eye as well. Under the schedule for rating Impairment of Central Visual Acuity, these findings equate to a 0 percent rating. See 38 C.F.R. § 4.79. Moreover, there are no visual acuity findings of record that meet the criteria for entitlement to SMC under 38 C.F.R. § 3.350. Thus, there is no basis for a separate compensable rating for the Veteran's diabetic retinopathy and bilateral cataracts, and there are no other complications of diabetes mellitus that could be separately rated.

The Board has reviewed the remaining diagnostic codes relating to disabilities or diseases of the endocrine system, but finds that they are inapplicable in this case. See 38 C.F.R. § 4.119, Diagnostic Codes 7900-7919 (2015). 
 
In summary, for the reasons and bases set forth above, the Board concludes that the preponderance of the evidence is against the claim for an increased rating for diabetes mellitus, type II, and the benefit of the doubt rule enunciated in 38 U.S.C.A. § 5107(b) is not for application. See generally Gilbert, supra; Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 2001). Assignment of staged ratings is not for application. Hart, supra.

2. Extraschedular Ratings

The Board has also considered the potential application of other various provisions, including 38 C.F.R. § 3.321(b)(1), for exceptional cases where scheduler evaluations are found to be inadequate. See Schafrath v. Derwinski, 1 Vet. App. 589 (1991). 

The first of the three elements of an extraschedular rating under § 3.321(b)(1) is a finding that the evidence "presents such an exceptional or unusual disability picture that the available schedular evaluations for that service-connected disability are inadequate." See Thun v. Peake, 22 Vet. App. 111, 115 (2008), aff'd, 572 F.3d 1366 (Fed. Cir. 2009). In order to determine whether a disability is "exceptional or unusual," there "must be a comparison between the level of severity and symptomatology of the claimant's service-connected disability with the established criteria found in the rating schedule for that disability." Thun, 22 Vet. App. at 115. "[I]f the [rating] criteria reasonably describe the claimant's disability level and symptomatology, then the claimant's disability picture is contemplated by the rating schedule, [and] the assigned schedular evaluation is, therefore adequate, and no referral is required." Id.

In this case, the record reflects that the manifestations of the Veteran's service-connected diabetes mellitus, type II are contemplated by the schedular criteria of the ratings currently assigned. See Johnson v. McDonald, 2013-7104, 2014 WL 3562218 (Fed. Cir. Aug. 6, 2014). There is no indication from the evidence of record that the Veteran has had frequent hospitalizations or has even received frequent emergency treatment for his service-connected disability. There is nothing unusual or exceptional about the symptoms he has due to his diabetes mellitus, type II. The Veteran's service-connected diabetes mellitus, type II is manifested by restricted diet the need for insulin. These complaints, and their resulting impairment, are contemplated by the rating schedule, and disability ratings are based on the overall severity and frequency of the disability, to include subjective complaints. 

Additionally, there is no indication that the average industrial impairment from the Veteran's disability would be to such a degree as to warrant the assignment of a higher rating. Accordingly, the Board has determined that referral of this case for extra-schedular consideration is not in order. Thun, id.

The Board has considered that, according to Johnson, a Veteran may be entitled to "consideration [under 38 C.F.R. § 3.321(b)] for referral for an extra-schedular evaluation based on multiple disabilities, the combined effect of which is exceptional and not captured by schedular evaluations." Referral for an extraschedular rating under 38 C.F.R. § 3.321(b) is to be considered based upon either a single service-connected disability or upon the "combined effect" of multiple service-connected disabilities when the "collective impact" or "compounding negative effects" of the service-connected disabilities are not adequately captured by the schedular ratings for the service-connected disabilities. 

However, in this case, the Veteran has not asserted, and the evidence of record has not suggested, any such combined effect or collective impact of multiple service-connected disabilities that create such an exceptional circumstance to render the schedular rating criteria inadequate. In this case, there is neither allegation nor indication that the collective impact or combined effect of more than one service-connected disability presents an exceptional or unusual disability picture to render inadequate the schedular rating criteria. As such, for purposes of this determination, further consideration need not be given at this time with regard to referral for extra-schedular consideration.







ORDER

Entitlement to an evaluation in excess of 20 percent for service-connected diabetes mellitus, type II is denied.



____________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs